

# The Attorney General of Texas

April 28, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Dale Hanna
Johnson County Attorney
1st Floor, Courthouse
Cleburne, Texas   76031

Opinion No. JM-487

Re: Liability of a county for the hospital expenses of county non-residents who commit an offense in a different county

Dear Mr. Hanna:

You have requested our opinion regarding the liability of Johnson County for the medical expenses incurred by two indigent prisoners who are not residents of the county. The two prisoners were injured by law enforcement officials in Hopkins County. You have also informed us that the two prisoners were treated at the Franklin County Hospital in Mount Vernon and the Parkland Memorial Hospital in Dallas. They were transferred to the Johnson County Jail to await trial on aggravated kidnapping charges instituted by the Johnson County District Attorney. One of the prisoners is a resident of Dallas County and the Dallas County Hospital District and the other is a resident of Tarrant County and the Tarrant County Hospital District.

As a preliminary consideration, the liability of a county for the care of its indigent sick and prisoners is now governed by article 4438f, V.T.C.S., and article 104.002 of the Code of Criminal Procedure. However, article 4438f, the Indigent Health Care Treatment Act, provides that any health care assistance provided before September 1, 1986, is governed by the law and practice "in effect at the time that assistance [was] provided." See Acts 1985, 69th Leg., 1st C.S., ch. 1, §15, at 46, eff. Aug. 29, 1985. Consequently, this act is inapplicable to your request. Article 104.002 of the Code of Criminal Procedure is a recodification of several procedural statutes, including articles 1037 and 1040 of the code, which governed the liability of a county for the care and treatment of indigent prisoners. See Code Crim. Proc. arts. 1037, 1040, repealed by Acts 1985, 69th leg., ch. 269, §1, at 2324, eff. Sept. 1, 1985.

This office has concluded in two prior opinions that the hospital district of which the indigent prisoner is a resident, rather than the county of incarceration, is liable for the medical care and treatment of an indigent prisoner. See Attorney General Opinions H-703 (1975); M-807 (1971). In Attorney General Opinion M-870 (1971), the Attorney

General considered the liability of a county for the medical expenses of an indigent prisoner whose residence was in a hospital district which included the county. Although the prisoner was provided services in a hospital located in a second hospital district, the opinion concluded that

> the <u>district of the residence</u> of the indigent prisoner . . . is liable for the medical bills incurred in his treatment, notwithstanding the fact that he was a prisoner in the custody of the county sheriff, and further notwithstanding the fact that he was treated outside the boundaries of that Hospital District. (Emphasis added).

<u>Id.</u> at 5. The rationale for this conclusion was that repealed articles 1037 and 1040 of the Code of Criminal Procedure must yield to the express broad language in section 9 of article IX of the Texas Constitution. <u>See</u> Tex. Const. art. IX, §9; <u>see also</u> repealed Code Crim. Proc. arts. 1037, 1040; Attorney General Opinion H-703 (1975). Thus, we can conclude that the hospital districts of the residence of each of the two indigent prisoners are liable for the medical bills.

S U M M A R Y

The liability of a county for the care of its indigent prisoners for medical bills incurred before September 1, 1985 is governed by former articles 1037 and 1040 of the Code of Criminal Procedure and article IX, section 9 of the Texas Constitution. Under those provisions, Dallas County Hospital District and the Tarrant County Hospital District, rather than Johnson County, are liable for the medical bills of their resident indigent prisoners incarcerated in Johnson County.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General